IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **Kangdi Electric Vehicle (Hainan) Co., Ltd. and SC Autosports, LLC, dba Kandi America** | **Court No. 1:25-cv-00201** |
| Plaintiff, | Before: _____, |
| v. | Judge |
| **UNITED STATES,** | |
| Defendant. | |

### COMPLAINT

Plaintiffs Kangdi Electric Vehicle (Hainan) Co., Ltd. ("Kangdi"), and SC Autosports, LLC, dba Kandi America ("SC Autosports"), (collectively "Plaintiffs"), by and through their undersigned counsel, allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiffs seek judicial review of the final affirmative critical circumstances determination issued by the U.S. International Trade Commission (the "ITC") in the antidumping investigation on Certain Low Speed Personal Transportation Vehicles from the People's Republic of China ("China"). Plaintiffs contest certain factual findings that resulted in the Commission's final affirmative critical circumstances determination. See Low Speed Personal Transportation Vehicles from China, 90 Fed. Reg. 38176 (August 7, 2025). The ITC's full determination and views can be found in Low Speed Personal Transportation Vehicles from China,, Inv. No. 731-TA-1700 (Final), USITC Pub. 5652 (Aug. 2025) ("Final ITC Determination").

1

## JURISDICTION

2. This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i). The Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING

3. Plaintiffs Kangdi and SC Autosports are, respectively, a foreign manufacturer and a U.S. importer of merchandise subject to the determination being challenged in this action. Plaintiffs are interested parties within the meaning of 19 USC §§ 1677(9)(A) and participated in the proceeding underlying this appeal. Therefore, Plaintiffs are parties to the proceeding and have standing to commence this action pursuant to 19 USC § 1516a(d) and 28 USC §2631(c).

## TIMELINESS OF ACTION

4. Plaintiffs timely filed this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and pursuant to Rules 3(a)(2) and 6(a) of this Court by filing the summons in this action on September 11, 2025, within (30) thirty days after the Department of Commerce ("Commerce") published the Amended Final Antidumping Duty Order in the Federal Register that implemented the ITC's affirmative critical circumstances finding relating to Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China. See Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China: Amended Final Antidumping Duty Determination and Antidumping Duty Order; Amended Final Determination of Countervailing Duty Investigation and Countervailing Duty Order, 90 FR 38759 (August 12, 2025) (the "AD Order'). The instant complaint is also timely filed within thirty (30) days of the filing of the summons. See Local Rule 6(a)(1)(C) and 6(a)(6)(A). Therefore, both the summons and complaint have been filed

within the statutory time limits set forth in 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and in 28 U.S.C. § 2636(c).

## FACTUAL ALLEGATIONS

5. This case involves the AD Order on low speed personal transportation vehicles from the People's Republic of China issued in connection with case no. A-570-176, Inv. No 731-TA-1700.

6. On June 20, 2024, Petitioner, the American Personal Transportation Vehicles Manufacturers Coalition, hereinafter referred to as "Petitioner," filed a petition alleging sales at less than fair value of imports of certain low speed personal transportation vehicles ("LSPTVs") from the People's Republic of China ("China") and that such imports were materially injuring or threatening to injure the domestic industry. The ITC thus began its preliminary antidumping investigation.

7. On August 9, 2024, the ITC preliminarily determined that there was "reasonable indication that an industry in the United States is materially injured by reason of imports of low speed personal transportation vehicles from China…that are alleged to be sold in the United States at less than fair value." See <u>Low Speed Personal Transportation Vehicles From China Determinations</u>, 89 Fed. Reg. 65398 (August 9, 2024). As a result, the ITC commenced the final phase of its investigation.

8. The ITC issued its preliminary affirmative less than fair value and critical circumstances determination on January 30, 2025. See <u>Certain Low Speed Personal Transportation Vehicles from the People's Republic of China: Preliminary Affirmative Determination of Sale at Less-Than-Fair-Value Investigation, Preliminary Affirmative Determination of</u>

Critical Circumstances, Postponement of Final Determination and Extension of Provisional Measures, 90 Fed. Reg. 8517 (January 30, 2025).

9. On June 12, 2025, the ITC held a hearing in connection with the final phase of the investigation.

10. On June 23, 2025, Commerce published its final affirmative determinations of antidumping and critical circumstances. See Certain Low Speed Personal Transportation Vehicles From the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part, 90 Fed. Reg. 26530 (June 23, 2025).

11. On July 17, 2025, the ITC found that subject imports were materially injuring the domestic industry and that "imports subject to Commerce's affirmative critical circumstances determination are likely to undermine seriously the remedial effect" of the AD Order. This determination was published on August 7, 2025. See Low Speed Personal Transportation Vehicles From China: Determinations, 90 Fed. Reg. 38176 (August 7, 2025).

12. On August 4, 2025, the ITC published the Final ITC Determination. See Low Speed Personal Transportation Vehicles from China, Investigation Nos. 701-TA-731 and 731-TA-1700 (Final), USITC Pub. 5652 (August 2025).

13. Commerce amended its final antidumping determination to correct ministerial errors and issued the corresponding antidumping duty order on August 12, 2025. See Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China: Amended Final Antidumping Duty Determination and Antidumping Duty Order;

<u>Amended Final Determination of Countervailing Duty Investigation and Countervailing Duty Order</u>, 90 Fed. Reg. 38579 (August 12, 2025).

14. This action was timely filed on September 11, 2025, pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i) and 28 U.S.C. § 2636(c).

## STATEMENT OF CLAIMS

15. The final affirmative determination of critical circumstances issued by the ITC majority regarding imports of Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China in the Final ITC Determination, as implemented in the AD Order, is unsupported by substantial evidence and is otherwise not in accordance with law, as discussed in each Count below. When reaching its decision and analyzing the remedial effect of the AD Order, the ITC did not adequately consider evidence on the record related to the timing of imports and seasonality in the industry, import and inventory volumes relative to the overall size of the market, the economic performance of the U.S. industry, and the impact of the extremely high duty rates on the subject imports.

## COUNT I

16. Plaintiff incorporates by reference the allegations and facts set forth in paragraphs 1 through 15 above as if set forth fully herein.

17. To make an affirmative finding of critical circumstances in a final determination, the ITC must satisfy a two-part analysis. If the ITC determines that the domestic industry is materially injured by the reason of subject imports from China and that there was a "massive" increase in imports over a relatively short period, the ITC must further make a finding of whether such imports "are likely to undermine seriously the remedial effect of the antidumping duty order to be issued under section 1673e of the same title."

18. The increase in imports that occurred in the comparison period used by the ITC to evaluate critical circumstances in the antidumping investigation mirrors the expected increase in the third and fourth quarters that is consistent with the data on the record for the three years prior to the filing of the petition. This increase is consistent with normal seasonal trends, and otherwise did not vastly deviate from expected industry import patterns.

19. The Final ITC Determination as it pertains to critical circumstances is therefore not supported by substantial evidence and is otherwise not in accordance with law with respect to the volume of imports.

## COUNT II

20. Plaintiff incorporates by reference the allegations and facts set forth in Paragraphs 1 through 15 and Paragraph 17 above as if set forth fully herein.

21. To determine whether subject imports will likely seriously undermine the remedial effect of the AD Order, the ITC must consider: (1) the timing and volume of the imports; (2) a rapid increase in inventories of the imports; and (3) any other circumstances indicating that the remedial effect of the AD Order will be seriously undermined. See 19 U.S.C. § 1673d(b)(4)(A)(ii).

22. The facts in this investigation do not meet the high threshold for finding that post-petition imports seriously undermine the remedial effects of AD measures. The ITC failed to consider substantial evidence on the record indicating that subject imports are not likely to undermine seriously the remedial effect of the AD Order.

23. The ITC's critical circumstances determination fails to take into account that the unit value of the domestic industry's U.S. shipments in the year of the petition (2024) was

higher than in 2022, and the ratio of cost of goods sold to net sales in 2024 was virtually the same as in 2022. Moreover, despite the alleged sales at less than fair value of subject imports, the domestic industry earned both an operating and net profit in 2024. The evidence on the record suggests that sales of subject imports already in inventory will not exacerbate the injury to the domestic industry.

24. The ITC's critical circumstances determination fails to consider that the high antidumping duty rates, ranging from 119.39% to 478.09%, will likely significantly curtail subject imports, if not eliminate them entirely.

25. Additionally, the record shows that other tariffs, such as Section 301 tariffs and tariffs based on the International Emergency Economic Powers Act ("IEEPA"), have been implemented. These tariffs will also likely impede or significantly reduce the quantity of subject imports such that subject imports are unlikely to seriously undermine the remedial effect of the AD Order.

26. Furthermore, the ITC's critical circumstances determination fails to take into account the evidence on the record that the subject imports have limited market penetration of the fleet end-use and financing channels, therefore U.S. producers can rely on fleet sales to maintain profitability while benefitting from the remedial effect of the AD Order in other market segments.

27. The Final ITC Determination as it pertains to critical circumstances is therefore not supported by substantial evidence and is otherwise not in accordance with law with respect to whether subject imports will likely seriously undermine the remedial effect of the AD Order.

**PRAYER FOR RELIEF**

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests that this Court:

1) hold that the ITC's Final Critical Circumstances Determination is unsupported by record evidence and is otherwise not in accordance with law; and,

2) remand the ITC's Final Determination with instructions to issue a new critical circumstances determination consistent with the Court's decision; and

3) provide such other relief as this Court deems just and proper.

Respectfully submitted,

**LIANG + MOONEY, PLLC**
/s/ Shanshan Liang
Shanshan Liang, Esq.
Fla. Bar No. 112991
Email: sliang@customscourt.com
and
/s/ Johnathan Foege
Johnathan W. Foege
Florida Bar No. 1047550
Email: jfoege@customscourt.com
2104 Delta Way, Suite #1
Tallahassee, FL 32303
Telephone: (850) 893-0670
*Counsel for Kangdi Electric Vehicle (Hainan) Co., Ltd. and SC Autosports, LLC, dba Kandi America*

## Certificate of Service

I hereby certify that I caused a copy of the foregoing COMPLAINT to be served upon the following persons by certified mail, return receipt requested, on this 14th day of October, 2025.

**United States**

Attorney in Charge
International Trade Field Office
Department of Justice, Civil Division
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

Supervising Attorney
Civil Division – Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

**U.S. International Trade Commission**

The Honorable Lisa R. Barton
Secretary to the Commission
U.S. International Trade Commission
500 E Street, S.W.,
Washington, D.C. 20436

**American Personal Transportation Vehicle Manufacturers Coalition**

Robert E. DeFrancesco
Wiley Rein LLP
2050 M Street, NW
Washington, District of Columbia 20036, United States
202-719-7000 -- voice
RDeFrancesco@wiley.law; wileytrade@wiley.law

**Atlas**

Henry D. Almond
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW

Washington, District of Columbia 20001-3743, United States
202-942-5698 -- voice
Henry.Almond@arnoldporter.com

**Tao Motor Inc.**

Daniel Cannistra
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, District of Columbia 20004, United States
202.624.2500 -- voice
dcannistra@crowell.com

**Bintelli LLC; Icon EV, LLC; Venom EV, LLC**

Daniel R. Wilson
Faegre Drinker Biddle & Reath LLP
1500 K. Street, NW
Suite 1100
Washington, District of Columbia 20005, United States
202 230 5211 -- voice
daniel.wilson@faegredrinker.com

**Lvtong USA Golf Cars, LLC**

Rosa S. Jeong
Greenberg Traurig LLP
2101 L Street, NW
Suite 1000
Washington, District of Columbia 20037, United States
202-533-2328 -- voice
rosa.jeong@gtlaw.com

**Nivel Parts & Manufacturing Co., LLC**

David M. Morrell
Jones Day
51 Louisiana Avenue, N.W.
Washington, District of Columbia 20001, United States
202-879-3939 -- voice
dmorrell@jonesday.com


**STAR EV Corporation**
David S. Robinson
Maynard Nexsen, PC

4141 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612, United States
919-755-1800 -- voice
drobinson@maynardnexsen.com

**Party Kodiak EV; LMG EV, LLC**

Sarah M. Wyss
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW
Suite 810
Washington, District of Columbia 20015, United States
202-688-3610 -- voice
trade@mowrygrimson.com; smw@mowrygrimson.com

**Yamaha Motor Manufacturing Corporation of America**

Daniel L. Porter
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, District of Columbia 20036, United States
2026638140 -- voice
daniel.porter@pillsburylaw.com

/s/ Shanshan Liang
Shanshan Liang, Esq.